IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD LOCKLEAR,         )<br>                                              )<br>          Petitioner,           )<br>                                              )<br>     vs.                              )<br>                                              )<br>TOM L. CAREY, Warden,    )<br>                                              )<br>          Respondent.         )<br>_____) | No. C 03-00964 JW (PR)<br><br>ORDER DENYING PETITION FOR<br>A WRIT OF HABEAS CORPUS |

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of June 18, 1994, Petitioner and an accomplice entered a clothing store in San Francisco. Petitioner pulled a loaded semiautomatic handgun from a plastic bag and announce that it was a "stick up." A customer tried to flee out the front door and became embroiled in a physical struggle with Petitioner who pressed the gun to his neck and apparently attempted to fire it. A sales person came to his aid and wrestled with Petitioner on the street outside the store. With the help of another sales person and several other persons, the group succeeded in disarming Petitioner and pinning him to the ground. The police soon arrived and arrested Petitioner. On the sidewalk, they found the handgun, with the safety still on, together with several bullets

Order Denying Petition for a Writ of Habeas Corpus

and a for the weapon.

While Petitioner struggled with the sales persons, the store manager and other employees escaped through an exit at the rear of the store. Petitioner's accomplice ordered an employee to hand over money from the cash register and fled the scene with $123.00. One sales person apparently attempted to intercept the accomplice and was knocked to the ground outside the store.

Petitioner was charged with one count of assault with a semiautomatic firearm (Pen. Code § 245, subd. (b)), six counts of second degree robbery (Pen. Code § 212.5, former subd. (b)), and one count of possession of a firearm by an ex-felon (Pen. Code § 12021, subd. (a)). The first seven counts carried enhancements alleging use of a firearm (Pen. Code § 12022.5, subd. (a)). Additional status enhancements under Penal Code § 667(a)(1), (d), and (e), and Penal Code § 667.5(b) were charged, based on five prior convictions for robbery and three prior prison terms served for nonviolent felonies.

At trial, after presenting its case, the prosecution moved to dismiss the seventh count of robbery. The jury found Petitioner guilty of all other counts and found the related enhancement allegations to be true. The court sentenced Petitioner to a term of 213 years in state prison. The sentence included a term of 38 years to life for conviction of assault with a semiautomatic firearm and 35 years to life for the five convictions of second degree robbery. The sentence for possession of a firearm by an ex-felon was stayed pursuant to Penal Code § 654. The trial court subsequently resentenced Petitioner to a slightly lesser minimum term of 202 years in response to a letter from the Department of Corrections.

On December 4, 2002, the California Court of Appeal affirmed the conviction and sentence. A petition for review was denied by the California Supreme Court on February 11, 2003. As of February 2003, Petitioner's habeas petitions in the state superior court, appellate court, and supreme court were denied.

On March 5, 2003, Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner raises the following eight claims for relief: 1) the trial

Order Denying Petition for a Writ of Habeas Corpus

court committed a sentencing error; 2) there was insufficient evidence to uphold the conviction; 3) petitioner was incompetent to stand trial; 4) ineffective assistance of counsel at trial; 5) petitioner did not enter an intelligent and knowing plea to prior convictions; 6) petitioner was denied effective assistance of counsel at the sentencing stage; 7) there was insufficient evidence to find petitioner had prior convictions that qualified as strikes; and 8) petitioner was denied effective assistance of counsel on appeal.

Respondent filed an answer and lodged exhibits. Petitioner did not file a traverse. The matter is submitted and ready for decision.

## II.     STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was addressed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000); Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive

1 authority" for purposes of determining whether a state court decision is an unreasonable
2 application of Supreme Court precedent, only the Supreme Court's holdings are binding
3 on the state courts and only those holdings need be "reasonably" applied. Clark, 331
4 F.3d at 1069.

**III.   CLAIMS AND ANALYSIS**

     **A.   Trial court committed no sentencing error**

Petitioner was sentenced to 213 years to life in prison for multiple crimes. Petitioner contends that because the offenses occurred at the same time, the sentences for each count must run concurrently rather than consecutively. Accordingly, Petitioner moves this Court to remand his case for resentencing or to amend his sentence to reflect a single 25 years to life sentence.

State sentencing courts must be accorded wide latitude in their decisions as to punishment. See Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), cert. denied, 488 U.S. 926 (1988), and cert. denied, 488 U.S. 981 (1988). Additionally, federal courts must defer to the state courts' interpretation of state sentencing laws. See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993).

Under People v. Deloza, 18 Cal. 4th 585 (1998), trial courts retain discretion to impose either concurrent or consecutive sentences. In Deloza, the defendant entered a store and robbed four people. A jury convicted him of four counts of second degree robbery with findings that he was armed with a firearm as to each count and that he had suffered two prior serious felony convictions under the three strikes law. The defendant was sentenced to four consecutive life sentences. The trial judge stated that the sentences imposed "must run consecutive" and that "it would be unlawful . . . to proceed in any other fashion." After the Court of Appeal affirmed, the Supreme Court of California reversed the judgment and directed the court to remand. The Supreme Court held that there are crimes for which the three strikes law does not mandate consecutive sentencing and that the trial court has the discretion to impose either concurrent or consecutive sentences.

1   Accordingly, the trial court in this case had discretion to impose consecutive
2 sentences upon Petitioner. Petitioner's claim that the trial court made a sentencing error
3 is DENIED.

### B. There was sufficient evidence to uphold the conviction

Petitioner argues that the evidence was insufficient to establish a conviction for each of his alleged crimes against the five victims. He claims there was no evidence to establish that he was in the store when the robbery occurred and that he robbed any of the five victims. Petitioner contends that he never entered the store. Rather, Petitioner stood outside the store while the co-defendant robbed the store. Petitioner requests that this Court reverse his robbery convictions, hold an evidentiary hearing, or remand the case for resentencing.

A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992), cert. denied, 510 U.S. 843 (1993). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" See id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt may the writ be granted. See Jackson, 443 U.S. at 324; Payne, 982 F.2d at 338; Bashor v. Risley, 730 F.2d 1228, 1239 (9th Cir. 1984), cert. denied, 469 U.S. 838 (1984).

Petitioner's claim is refuted by the record. During the robbery, there were several eyewitnesses who testified to seeing Petitioner in the store perpetrating the robbery. Police arrived on the scene to find Petitioner pinned to the ground by the witnesses. The handgun used by Petitioner, along with several bullets, was on the ground next to Petitioner. Clearly, a rational trier of fact could have made a finding against Petitioner. Consequently, the evidence is sufficient to uphold Petitioner's conviction. Petitioner's claim is DENIED.

### C. Petitioner was competent to stand trial

Petitioner contends that he did not understand the nature of the proceedings against him. Petitioner claims he has suffered from schizophrenia and psychosis since 1969. He has been housed in several psychiatric hospitals since the 1995 offense. He has been treated with medication for many years. Since his incarceration, he has been housed in a "med-psych unit" and continues psychiatric treatment for his mental disorder. Petitioner argues that he should have been declared incompetent to stand trial and placed in a psychiatric hospital. Petitioner moves this Court for an order to remand the case for a competency hearing, to set aside the judgment, and to place Petitioner in a state hospital for treatment.

The test for competence to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – whether he has a rational as well as factual understanding of the proceedings against him." Boag v. Raines, 769 F.2d 1341, 1343 (9th Cir. 1985) (citing Dusky v. United States, 362 U.S. 402, 402 (1960), and Chavez v. United States, 656 F.2d 512, 518 (9th Cir. 1981)), cert. denied, 474 U.S. 1085 (1986). The standard for competency to stand trial is lower than the standard for capacity to commit a crime, such that those with mental deficiencies are not necessarily incompetent to stand trial. Hoffman v. Arave, 455 F.3d 926, 938 (9th Cir. 2006). In finding facts and determining credibility, a district court is free to assign greater weight to the findings of government experts than to the opposing opinions of defense experts. United States v. Gastelum-Almeida, 298 F.3d 1167, 1172 (9th Cir. 2002).

Petitioner's argument ignores the trial court's finding that he was competent to stand trial. Petitioner's counsel expressed a doubt in superior court pursuant to Penal Code § 1368 regarding Petitioner's competency. Criminal proceedings were suspended and a psychiatrist was appointed to examine Petitioner. The court later found Petitioner

competent to stand trial and ordered criminal proceedings reinstated.[1]  Petitioner has not demonstrate any error.  Accordingly, Petitioner's claim is DENIED.

### D.   There was no ineffective assistance of counsel at trial

Petitioner claims that his counsel failed to adequately present facts to demonstrate Petitioner's incompetence to stand trial.  Petitioner suggests that his trial counsel did not present medical and psychiatric records or testimony from psychiatrists and psychologists.  Petitioner contends that this evidence would have shown that he was "not responsible for his conduct, . . . had an accomplice who got away, [and] the accomplice told Petitioner to come to a location and just stand there."  These circumstances allegedly deprived Petitioner of a fair trial.

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  In order to prevail on an ineffectiveness of counsel claim, petitioner must establish both prongs of the test under Strickland.  First, he must establish that counsel's performance was deficient, specifically, that it fell below an "objective standard of reasonableness" under prevailing professional norms.  Id. at 687-88.  Second, he must establish that he was prejudiced by counsel's deficient performance, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.

Contrary to Petitioner's claims, counsel did investigate Petitioner's mental state and expressed concern about it pursuant to Penal Code § 1368.  Moreover, Petitioner's competence was addressed by the trial court, so Petitioner experienced no prejudice.  Petitioner has failed to meet either prong of the test for ineffective assistance of counsel

---

[1] The psychiatrist for the defense, Dr. Schoenfeld, agreed with the appointed psychiatrist that Petitioner was competent to stand trial.

1 under Strickland.  For these reasons, Petitioner is not entitled to habeas relief based on
2 his ineffective assistance of counsel claim.  Petitioner's claim is DENIED.

### E. Petitioner entered an intelligent and knowing plea to each prior conviction

Petitioner claims he did not knowingly and voluntarily plead guilty in 1972 and 1990 to unstated offenses.  Petitioner cites his mental disorder and the court's failure to explain to him the consequences of pleading guilty as reasons he did not knowingly and voluntarily plead guilty.

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty.  See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same); see also Hudson v. Moran, 760 F.2d 1027, 1030 (9th Cir. 1985) (finding no constitutional violation where defendant was not informed that guilty plea would foreclose subsequent habeas relief), cert. denied, 474 U.S. 981 (1985).  The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267.  A habeas petitioner bears the burden of establishing that his guilty plea was not knowing and voluntary.  Parke v. Raley, 506 U.S. 20, 31-34 (1992).

Regarding Petitioner's mental disorder, the trial judge for the current offense previously ruled on Petitioner's claim of incompetence during his guilty pleas in 1972 and 1990.  Ruling on Petitioner's competence during his 1972 plea of guilty, the trial judge considered the 1972 transcript where a judge at the time asked Petitioner about his whereabouts, his narcotics use, and his mental state.  The trial judge then ruled that Petitioner's responses to the previous judge indicated that he was "clear as a bell." Exhibit 2, vol. 2, pg. 13-14.  Ruling on Petitioner's competence during his 1990 proceedings, the trial judge said Petitioner "responded with clarity to the judge in the

Order Denying Petition for a Writ of Habeas Corpus

1 proceedings of the taking of the plea." Exhibit 2, vol. 2, pg. 13-14.  Moreover, even
2 though Petitioner offered psychiatric testimony that he suffered from mental illness,
3 other psychiatrists testified that Petitioner was still capable of understanding the
4 proceedings he faced.  Petitioner has an eleventh grade education and can apparently
5 read and write.  He also signed plea agreements in 1977 and 1980 stating that he
6 understood the proceedings.  Petitioner's mental disorder did not prevent him from
7 making a knowing and intelligent plea.

8       In regards to the court's alleged failure to explain the circumstances to Petitioner,
9 Due Process does not require a state court to enumerate all the rights a defendant waives
10 when he enters a guilty plea as long as the record indicates that the plea was entered
11 knowingly and voluntarily.  See Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.
12 1986), cert denied, 479 U.S. 1057 (1987); Wilkins v. Erickson, 505 F.2d 761, 763 (9th
13 Cir. 1974).  Petitioner does not present any evidence that the record indicated otherwise.
14       Petitioner did not satisfy the requisite burden of proof.  Because Petitioner did
15 not establish that his pleas were not knowing or voluntary, his claim is DENIED.

### F. Petitioner was not denied effective assistance of counsel for prior convictions

18       Petitioner contends previous counsel rendered ineffective assistance in allowing
19 him to plead guilty in past cases.  Petitioner claims counsel did not advise him of the
20 consequences of a guilty plea, did not explain to him the elements of the offense, and
21 did not present evidence at the plea stage to demonstrate he was suffering from a mental
22 disorder.  Petitioner seems to be challenging the sentence enhancements which he
23 claims he received because of ineffective assistance of counsel on his prior convictions.

24       Once a state conviction is no longer open to direct or collateral attack in its own
25 right because the defendant failed to pursue those remedies while they were available,
26 the conviction may be regarded as conclusively valid.  Daniels v. United States, 532
27 U.S. 374, 382 (2001).  If that conviction is later used to enhance a criminal sentence, the
28 defendant generally may not challenge the enhanced sentence through a petition under §

1  2254 on the ground that the prior conviction was unconstitutionally obtained.
2  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403 (2001). This holding is
3  grounded in considerations relating to the need for finality of convictions and ease of
4  administration. Id. An exception to the general rule for § 2254 is made for petitions
5  that challenge an enhanced sentence on the basis that the prior conviction used to
6  enhance the sentence was obtained where there was a failure to appoint counsel in
7  violation of the Sixth Amendment. Id. The failure to appoint counsel for an indigent is
8  a unique constitutional defect rising to the jurisdictional level, which therefore warrants
9  special treatment among alleged constitutional violations. Id. (citing Custis v. United
10 States, 511 U.S. 485, 496-497 (1994)).

Petitioner's claim is unwarranted because implicit in an ineffective assistance of counsel claim is receiving assistance from an attorney. Therefore it follows that Petitioner did not experience a violation of his Sixth Amendment rights because he either retained counsel or the court appointed counsel for him. Consequently, the enhanced sentence may not be challenged through a habeas petition because it is not based on a Sixth Amendment violation. Petitioner's claim is DENIED.

### G. There was sufficient evidence to find petitioner had prior convictions that qualified as strikes

Petitioner contends that the state did not prove his prior convictions beyond a reasonable doubt. Rather, the state merely presented to the court a photograph and an abstract of judgment. Petitioner claims that this is insufficient to establish his prior convictions. Petitioner argues that the prosecutors should have gone beyond the record to prove his prior convictions. Petitioner moves this Court to vacate the prior convictions as enhancements or part of the three-strikes sentencing scheme and remand this case for resentencing. Petitioner also requests an evidentiary hearing on the convictions which he alleges were not sufficiently proven beyond a reasonable doubt.

As previously discussed, the Court in Daniels explained that once a state conviction is no longer open to direct or collateral attack in its own right because the

1  defendant failed to pursue those remedies while they were available, the conviction may
2  be regarded as conclusively valid.  Daniels, 532 U.S. at 382 (2001).  Here, Petitoner
3  seems to suggest that the prosecution should have been required to present physical
4  evidence (as opposed to evidence on the record) to establish his guilt even though
5  Petitioner already pled guilty.  If Petitioner wanted to challenge the sufficiency of the
6  evidence, he should have done so during the proceedings for his previous crimes, not in
7  a habeas petition after having already been convicted.  Petitioner's claim is DENIED.

### H. Petitioner was not denied effective assistance of counsel on appeal

Petitioner's case was remanded by the court of appeal to the trial court to show cause regarding the alleged sentencing violation (concurrent v. consecutive sentences). The trial court denied relief.  Petitioner's counsel filed a Wende Brief rather than file an appeal on the sentencing issue which was previously ruled on by the trial court. Petitioner claims that his appellate counsel denied Petitioner effective assistance of counsel on appeal when he filed the Wende Brief instead of contesting the trial court's previous sentencing decision.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).  Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in Strickland v. Washington, 466 U.S. 668 (1984).  Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir. 1986).  A defendant therefore must show that counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Miller, 882 F.2d at 1434 & n.9 (citing Strickland, 466 U.S. at 688, 694; Birtle, 792 F.2d at 849).

Petitioner does not present evidence to show there was a reasonable probability that he would have prevailed on appeal.  Even assuming Petitioner's counsel fell below the reasonable standard set for attorneys, Petitioner still has to prove there was a

reasonable probability of success on the appeal. Petitioner has failed to do so. Therefore, Petitioner's claim is DENIED.

### IV. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

DATED: August 27, 2007

JAMES WARE
United States District Judge